1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LUCAS NOEL DEFRANTZE,

11            Petitioner,                    No. CIV S-08-1984 JAM DAD P

12         vs.

13   JOHN MCGINNESS,                         ORDER AND

14            Respondent.                    FINDINGS AND RECOMMENDATIONS

15   _____/

16            Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas

17   corpus pursuant to 28 U.S.C. § 2254.  In accordance with this court's September 4, 2008 order,

18   petitioner has also filed an application to proceed in forma pauperis.[1]

19            Examination of the in forma pauperis application reveals that petitioner is unable

20   to afford the costs of suit.  Accordingly, the application to proceed in forma pauperis will be

21   granted.  See 28 U.S.C. § 1915(a).

22   /////

23   /////

24   _____

25      [1] The court previously issued findings and recommendations, recommending dismissal of
     this action due to petitioner's failure to file an in forma pauperis affidavit or to pay the appropriate
     filing fee.  Good cause appearing, the court will now vacate its findings and recommendations and
26   grant petitioner's application to proceed in forma pauperis.

                                                1

**BACKGROUND**

On August 25, 2008, petitioner commenced this action by filing a petition for writ of habeas corpus.  The sole claim contained therein is that the California Court of Appeal wrongly dismissed petitioner's appeal.  Specifically, petitioner claims:

> **Ground one:** Petitioner's appeal was wrongly dismissed for failing to file a designation of a reporters transcript denying him due process.
>
> **Supporting FACTS** On May 27th 2008, petitioner's appeal was dismissed when the court received notification from the trial court that petitioner had failed to file a designation of a reporter's transcript, that in fact was filed April 14th 2008.  Petitioner's petition for review and habeas corpus proceedings have brought "no" relief.

(Pet. at 5.)

**ANALYSIS**

I.  Standard of Review

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ."  Rule 4, Rules Governing Section 2254 Cases.  The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus at several stages of a case, including "summary dismissal under Rule 4; a dismissal pursuant to a motion by the respondent; a dismissal after the answer and petition are considered; or a dismissal after consideration of the pleadings and an expanded record."

A writ of habeas corpus is available under 28 U.S.C. § 2254 only on the basis of some transgression of federal law binding on the state courts. See Peltier v. Wright, 15 F.3d 860, 861 (9th Cir. 1993); Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing Engle v. Isaac, 456 U.S. 107, 119 (1982)).  A federal writ is not available for alleged error in the interpretation or application of state law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991);

1   Park v. California, 202 F.3d 1146, 1149 (9th Cir. 2000); Middleton, 768 F.2d at 1085.  Habeas

2   corpus cannot be utilized to try state issues de novo.  Milton v. Wainwright, 407 U.S. 371, 377

3   (1972).

4   II.  Discussion

5          Here, petitioner sole claim is that the California Court of Appeal erred in its

6   interpretation of state law.  In this regard, petitioner has not alleged facts sufficient to state a

7   cognizable claim for violation of the federal constitution, as opposed to state law.  Nor has

8   petitioner demonstrated that the state court's handling of his appeal violated his due process

9   rights or any other federal constitutional right.  Accordingly, petitioner's federal petition for a

10   writ of habeas corpus should be dismissed for failure to state a cognizable federal claim.

11                    **CONCLUSION**

12          IT IS HEREBY ORDERED that:

13          1.  The court's October 16, 2008 findings and recommendations (Doc. No. 7) are

14   vacated;

15          2.  Petitioner's October 15, 2008 application to proceed in forma pauperis (Doc.

16   No. 6) is granted;

17          IT IS HEREBY RECOMMENDED that:

18          1.  Petitioner's application for a writ of habeas corpus be dismissed for failure to

19   state a cognizable federal claim; and

20          2.  This action be closed.

21          These findings and recommendations are submitted to the United States District

22   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

23   days after being served with these findings and recommendations, petitioner may file written

24   objections with the court.  The document should be captioned "Objections to Magistrate Judge's

25   Findings and Recommendations."  Petitioner is advised that failure to file objections within the

26   /////

1    specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

2    F.2d 1153 (9th Cir. 1991).

3    DATED: November 12, 2008.

4

5    _____

     DALE A. DROZD
6    UNITED STATES MAGISTRATE JUDGE

7    DAD:9
     defr1984.156
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

4